FILED

2013 MAY -1 AM 11: 16

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Kleinfeldt,<br>Inmate Booking No. 12513279<br><br>                             Plaintiff,<br><br>vs.<br><br>WILLIAM GORE; FOOD SERVICES<br>COOK ON 6-10-12; FOOD SERVICES<br>COOK ON 6-17-12; FOOD SERVICES<br>COOK ON 6-20-12,<br><br>                            Defendants. | Civil No.   12cv2629 BEN (KSC)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I. Procedural History

On October 29, 2012, Plaintiff, Brian Kleinfeldt, currently housed at the George Bailey Detention Facility, filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 3.) On January 3, 2013, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 4.) Plaintiff was granted leave to file a First Amended Complaint in order

-1-

to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 6-7.) On January 31, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

## II. MOTION TO PROCEED IFP

Plaintiff has already been granted leave to proceed IFP. (ECF No. 4.) However, Plaintiff has written to the Court indicating that he believes the San Diego Sheriff's Department, which is the agency who has custody of Plaintiff, is wrongfully garnishing his inmate trust account. (ECF No. 7.)

First, as the Court noted in its previous Order, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2). (ECF No. 4 at 2.)

Second, the Court instructed the Watch Commander of the George Bailey Detention Facility to garnish his trust account as mandated by 28 U.S.C. § 1915(b)(2). Specifically, the Court ordered the Watch Commander, or his designee, to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

A review of the Court's record shows that Plaintiff was granted IFP status in January. Therefore, in following the statute, the Watch Commander was required to collect monthly payments in the amount of twenty percent (20%) of the amount in the account beginning in December of 2012 and continuing each month. Plaintiff claims that the Watch Commander garnished $80.00 from his trust account beginning in March. While he objects to the garnishment of funds dating back to December 2012, this garnishment is in compliance with the statute. Thus, Plaintiff's claims that the Watch Commander is "illegally" garnishing his account are unfounded. (ECF No. 7 at 1.) Plaintiff's trust account shows a deposit of one hundred dollars ($100) each month beginning in December. (*Id.*) Here, the Watch Commander was following the statute by garnishing $80 for the first time in March, which is the equivalent of

20% of the funds available each month beginning in December of 2012. Therefore, the Court finds that Plaintiff's objections are without merit.

### III. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A

#### A. Standard

As the Court informed Plaintiff in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility (and) accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### B. Inadequate medical care claims

Plaintiff alleges that on one occasion he was served "tainted meat" and from this meal he developed food poisoning. (FAC at 3.) Plaintiff further alleges that he was vomiting, running a fever and dehydrated but unnamed San Diego Sheriff Deputies refused to "deem the situation an emergency." (*Id.*) Three days after Plaintiff submitted his complaints, he alleges was finally seen by a facility medical doctor. (*Id.*)

Plaintiff alleges he is a pre-trial detainee and not a prisoner serving a sentence post conviction. The Ninth Circuit has held that a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06. The "deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

Again, Plaintiff fails to identify the unnamed Sheriff Deputies with any particularity. Without more, Plaintiff's conclusory allegations which lack any factual detail, are insufficient to find that any Defendant was deliberately indifferent to his serious medical needs. Moreover, Plaintiff's allegations in the body of his First Amended Complaint contradict statements that he made in the grievances he filed which are attached as Exhibits to his First Amended Complaint. (*See* ECF No. 5-1 at 1-7.) For example, in Plaintiff's First Amended Complaint he alleges that he was suffering from these symptoms for three (3) days before he was taken to the medical clinic. (FAC at 3.) However, in the grievance Plaintiff filed on June 20, 2012 he indicates that he is claiming to have suffered from these symptoms for "3-4 weeks" and the notes further

indicate that he was seen by a medical doctor on the day that he filed this grievance. (ECF No. 5-1 at 4.)

There are simply insufficient facts to find that any specific individual was "deliberately indifferent to his serious medical needs." *Estelle*, 429 U.S. at 106. Therefore, the Court must sua sponte dismiss Plaintiff's deliberate indifference to serious medical needs claim for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### C. First Amendment retaliation claims

Plaintiff alleges, again in conclusory terms, that "John Doe Deputies" retaliated against the Plaintiff for filing grievances over alleged tainted food by "refusing the Plaintiff medical care for three days." (FAC at 5.) To state a retaliation claim, Plaintiff must allege facts sufficient to show that: (1) he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him.[1] *See Rhodes v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004) ("Our cases, in short, are clear that any retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient to ground a claim of unlawful First Amendment retaliation—whether such detriment "chills" the plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

Here, Plaintiff has alleged no facts to show that Defendants' actions failed to "advance legitimate penological goals." *Barnett*, 31 F.3d at 815-16. There is no link between these unknown defendants, what they knew about the grievances and whether they had any knowledge of Plaintiff's medical issues. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has

---

[1] "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original). "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable." *Id.* Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms entirely independent from a chilling effect can ground retaliation claims." *Rhodes*, 380 F.3d at 1131.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### D. Religion claims

Plaintiff also contends that he was given kosher meat that was inedible and thus, he was "forced to choose between my Kosher diet laws of my Jewish religion or starve." (FAC at 7.)

As to either Plaintiff's First Amendment or RLUIPA claims, he fails to allege facts sufficient to state a claim. "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq.*, provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added); *see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College*, 360 F.3d at 1034. The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his

religious exercise. *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion."). Here, once again, the lack of factual content in Plaintiff's allegations defeats his claims. Plaintiff indicates that he was forced to eat tainted meat or "starve." (FAC at 7.) However, there are no facts in the First Amended Complaint that would clarify whether this alleged tainted meat was served on one occasion or whether it was an ongoing issue and therefore, Plaintiff was not provided a kosher meal for a substantial period of time. *See Warsoldier v. Woodford*, 418 F.3d 989, 944 (9th Cir. 2005) (holding that under RLUIPA, the Plaintiff has the initial burden of provide the prima facie claim that a prison policy constitutes a substantial burden on the exercise of his religious beliefs.)

As for either his First Amendment or RLUIPA claim, it is not clear how the Defendants forced him to "pick or choose" what he would eat or that they ever actually denied Plaintiff a kosher meal. (FAC at 7.) As stated above, it appears that Plaintiff is only alleging that he was served an inedible kosher meal on one occasion. There are no allegations that would support a claim that Defendants were intentionally denying Plaintiff a kosher meal. Accordingly, Court must sua sponte dismiss Plaintiff's religion-based claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### E. State Law Supplemental Jurisdiction

Plaintiff also seeks to bring claims pursuant to California state law against the named Defendants. However, because Plaintiff cannot identity a violation of a federal law, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under

§ 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.")

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a § 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

## IV. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint that cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

2.  The Clerk of Court is directed to mail a Court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: 5/01/13

HON. ROGER T. BENITEZ
United States District Judge